UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIELLE MARIE BENNETT , Plaintiff, v. AMAZON.COM SERVICES LLC, Defendant. | CASE NO. 2:26-cv-01997-JNW<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

Plaintiff Danielle Marie Bennett proceeds pro se and in forma pauperis (IFP) against Defendant Amazon.com Services LLC ("Amazon"). Dkt. Nos. 4, 5. Bennett alleges Amazon discriminated against her because of her disability by failing to provide reasonable accommodations and by subjecting her to unequal terms and conditions of employment. Dkt. No. 5 at 4, 6–7. She also alleges Amazon retaliated against her for requesting alternative accommodations by placing her on a Performance Improvement Plan (PIP), disciplining her for productivity issues, terminating her employment, and failing to consider her applications for other roles at Amazon that matched her experience and qualifications. *Id.* Bennett now asks the Court to appoint a lawyer for her. Dkt. No. 12.

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff "may lose h[er] physical liberty if [s]he loses the litigation," which is not the case here. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Even so, the Court may appoint counsel for litigants, like Bennett, who are proceeding IFP. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Section 1915(d) empowers the district court to appoint counsel in civil actions brought in forma pauperis. Appointment of counsel under this section is discretionary, not mandatory."). The decision whether to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

To decide whether such "exceptional circumstances" exist, the Court must evaluate "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate h[er] claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These factors must be viewed together; neither is dispositive. *Id.* Whether a pro se plaintiff would fare better with help from counsel is not the test. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998).

Because Bennett brings claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* and the Washington Law Against Discrimination, RCW 49.60, and not Title VII, 42 U.S.C. § 2000e *et seq.*, the Court analyzes her motion under the District's Plan for the Representation of Pro Se Litigants in Civil Rights

Actions ("Plan"). The Plan identifies several additional considerations relevant to the appointment of counsel. These include whether the pro se litigant can retain counsel by other means, whether she has connected with at least two other attorneys without securing representation, the complexity of the action, and the capability of the pro se litigant to present the case. *See* General Order 06-26, § 2(e), 3(b).

Bennett meets the District's threshold requirement that she first try to find counsel herself; she says she made at least ten separate attempts to obtain counsel through private firms and legal-aid organizations from October 2024 through March 2026. Dkt. No. 12 at 4.

But the remaining factors do not favor her request. Bennett's motion includes a statement explaining why she believes her claims have merit, but the Court cannot say at this early stage that she is likely to succeed nor that the case appears legally complex. On this minimal record, the Court finds that exceptional circumstances do not exist and that the Plan's factors do not support referring this matter for pro bono counsel at this time.

Accordingly, the Court DENIES the motion to appoint counsel without prejudice. Dkt. No. 12. Bennett may renew her motion consistent with the District's instructions for requesting appointment of counsel in non-Title VII cases.

Dated this 6th day of October, 2026.

Jamal N. Whitehead
United States District Judge